**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 18-00295 BKT** |
| **MANUEL RAMON PRATS VEGA** *Dba* **RADIOLOGIA Y MEDICINA INTEGRAL** | **CHAPTER 11** |
| **Debtor(s)** | **FILED & ENTERED ON 10/03/2019** |

**OPINION & ORDER**

Before the court's consideration is DSO Claimant Branda Cruz Diaz's (hereinafter "Cruz" or "Movant") *Motion for Reconsideration of Order* [Dkt. No. 183] and Debtor Manuel Prats Vega's (hereinafter "Debtor") *Opposition to Motion for Reconsideration filed by Ms. Branda Cruz* [Dkt. No. 184]. In her motion for reconsideration, the Movant requests the court vacate and set aside its Order [hereinafter "Order"] [Dkt. No. 180]. This controversy stems from the court's Order which held that pursuant to 11 U.S.C. § 305(a) of the Code, this case was suspended until a final resolution is reached regarding Proof of Claim Number 7-4 (hereinafter "POC 7-4") in the Puerto Rico Court of First Instance. The court made this determination following the result of a hearing held on October 18, 2018, where the court ruled that the monetary controversy[1] between Debtor and Cruz would be held in abeyance pending the final resolution from the state court proceeding.

---

[1] Following Cruz's filing of POC 7-4, the Debtor filed a motion objecting the claim. See Docket entries numbers 149, 157, 158, 162, 166, 168. The parties have been embroiled in a dispute over Proof of Claim Number 7 since the order for relief was entered in this case. See Docket entries 48, 70, 77, 90, 117, 124, 129, 133, 149, 151, 152.

**THE POSITION OF THE PARTIES**

*Movant*

In support of her motion for reconsideration under Fed. R. Civ. P. 59(e), made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9023, Cruz argues that the Debtor failed to meet his burden to demonstrate how the suspension of this case benefits the Debtor and his creditors. The Debtor provided no facts, evidence or legal support for the farfetched allegation that suspending the instant case would result in benefit to Debtor and his creditors. In short, Debtor failed his test by failing to prove or even allege how both the Debtor and creditors would be "better served" by suspension than they would by the continuation of this case.

Notwithstanding, this court entered an Order suspending the instant case, even though suspension under Section 305(a)(1) of the Bankruptcy Code is an extraordinary remedy that should be used sparingly. The Order was made without an assessment of the Debtor's and creditor's interests. This court failed to evaluate and determine how the interest of creditors, such as Movant, would be better served by the suspension of this case. The court, hence, made a manifest error of law by failing to assess the standard for § 305. In addition, the court erred when it granted Debtor's *Motion for Entry of Order Closing Bankruptcy Case until Resolution by State Court is Reached Regarding Proof of Claim 7 as Amended, or Motion for Stay under 11 USC 305* (hereinafter "§ 305 Motion") [Dkt. No. 170] even though the § 305 Motion failed to meet the burden established by Section 305(a)(1).

Moreover, the court's manifest error in sustaining the Order would result in a manifest injustice to Cruz. The Order would be a fundamental flaw in the court's determination that, without correction, would result in inequity in favor of Debtor and against DSO Claimant. Here, the

suspension of the case would be detrimental to Movant, not beneficial, as required by Section 305(a)(1).

### *Debtor*

In response, the Debtor asserts that "[i]t is settled that a motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the [Bankruptcy] court prior to the judgment." Perez v. United States Gov't, 899 F. Supp. 2d 90, 102 (D.P.R. 2013). In the instant case, the Movant did not address Section 305 of the Bankruptcy Code in her *Opposition to Motion to Close Case* (hereinafter "Opposition Motion") [Dkt. No. 172]. It is settled law that a motion for reconsideration cannot be used to advance arguments that could or should have been presented prior to the judgement. Therefore, for these reasons the motion for reconsideration should be summarily denied.

Moreover, in her motion for reconsideration, with regards to the assertion of manifest injustice, Cruz continues to rehash and re-argue the same points that have been previously rejected by this court. The Debtor is current with all post-petition alimony payments and the Movant receives on a monthly basis in the amount of $11,500.00 ($8,500.00 as per the state court judgement plus $3,000.00 as per the stipulation for housing needs). The suspension of the case has not, and was never going to, result in manifest injustice to Cruz.

## APPLICABLE LAW

Reconsideration of a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the

interests advanced by a final judgment.[2] It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). As stated by the Debtor in the matter before us, the court emphasizes that the First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr.D.P.R. Aug. 29, 2013); Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009).

In conformity with Fed. R. Civ. P. 59(e), a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

**CONCLUSIONS OF THE COURT**

After considering the arguments raised by both parties, this court finds that the Movant's motion neither provides the court with genuine reasons why it should revisit the Order, nor compelling facts or law in support of reversing the prior decision. In her motion to reconsider,

---

[2] Fed. R. Civ. P. 59 is made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

Cruz fails to establish any of the required legal factors discussed above. Said motion contains new legal arguments that were not previously made when the matter was adjudicated by the court in its Order, in clear contravention of First Circuit jurisprudence.

The Movant's Opposition Motion, which formed part of the court's review prior to the entry of the Order, focused exclusively on the requirements needed for the closing of a case under 11 U.S.C. § 350. Section 350 deals with the closing of a case once the estate has been fully administered. However, the relief requested by the Debtor in his § 305 Motion relied solely on 11 U.S.C. § 305. Section § 305 encompasses the court's ability to suspend all proceedings in a case under Title 11. In determining Debtor's request for relief pursuant to section 305, the court considered the legal conclusions provided and found them to be sound.[3]

As such, Cruz has failed to establish the legal requirements for reconsideration and is therefore not entitled to that relief. Movant's *Motion for Reconsideration of Order* [Dkt. No. 183] is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 3rd day of October, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

---

[3] Section 305 of the Bankruptcy Code allows courts to suspend a bankruptcy case to permit an intervening activity to take place. See 2 Collier on Bankruptcy P 305.01 (16th 2019), see also Curtis Papers, Inc. v. Town of Adams, 2008 Bankr. LEXIS 114 (Bankr. D.N.J. 2008).